UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| BRIDGETT DAHL, | Case No.: 2:18-cv-02225-APG-DJA |
|---|---|
| Plaintiff | **Order Setting Hearing Regarding Certifying Questions to the Supreme Court of Nevada** |
| v. | |
| JACOB MANDRUSIAK, | |
| Defendant | |

     Plaintiff Bridgett Dahl sues defendant Jacob Mandrusiak for injuries she suffered when she was struck in the face by a golf club that flew out of Mandrusiak's hands while he was swinging it at Topgolf Las Vegas, where Dahl worked as a waitress. Mandrusiak moves for summary judgment, arguing that he owed Dahl only a limited duty to not act intentionally or recklessly in hitting her with the club because golf is a sport that involves a certain amount of risk that cannot be eliminated without fundamentally altering the nature of the game. Mandrusiak contends Dahl was aware of this risk because, as a Topgolf waitress, she was trained about the possibility of a club leaving a player's hands and she knew about a prior incident where a patron lost control of a club. He contends that there is no evidence he acted intentionally or recklessly, so he is entitled to summary judgment.

     Dahl opposes, arguing that Nevada has adopted the limited duty doctrine only in the context of a baseball stadium operator, and Mandrusiak is not the operator of Topgolf and Dahl was not a spectator. She contends that even if Nevada would adopt the doctrine in the context of this case, releasing a golf club is not an inherent risk of the sport. She also contends that the doctrine should not apply to golf because it is not an inherently dangerous sport. And she

contends she was standing in the bar area, not in Mandrusiak's golf bay or an adjacent one. She thus contends getting hit by a golf club while standing in a bar is not a risk inherent to golf.

The parties' arguments focus on two related doctrines, the limited duty rule and the doctrine of primary implied assumption of risk. The limited duty rule as thus far delineated by the Supreme Court of Nevada does not apply to this case. The rule defines the duty that owners and operators of facilities that host recreational sports, such as a baseball stadium, owe to spectators. *See Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175-76 (Nev. 2008) (en banc). Mandrusiak is not the owner or operator of Topgolf. Thus, his duty is not defined by providing safe places from which waitresses can serve patrons at the nearby bar. *See id.*

Rather, Mandrusiak's duty appears to be more appropriately defined by the related doctrine of primary implied assumption of risk. Primary implied assumption of risk "arises when the plaintiff impliedly assumes those risks that are *inherent* in a particular activity." *Id.* at 1177 (quotation omitted). The law on this doctrine in Nevada has changed over time. The Supreme Court of Nevada previously ruled in *Mizushima v Sunset Ranch, Inc.* that the doctrine no longer applied because it was inconsistent with comparative negligence. 737 P.2d 1158, 1161-62 (Nev. 1987); *see also Auckenthaler v. Grundmeyer*, 877 P.2d 1039, 1041-42 (Nev. 1994) (same). However, the court overruled *Mizushima* in *Turner*. There, the court held that Nevada still recognizes the doctrine and that it "goes to the initial determination of whether the defendant's legal duty encompasses the risk encountered by the plaintiff." 180 P.3d at 1177 (quotation omitted). *Turner* also made clear that whether a duty exists is "a question of law to be determined solely by the court." *Id.*

However, the Supreme Court of Nevada did not articulate what standard of care applies to participants in a recreational activity because that was not at issue in *Turner*. Although some

courts hold, as Mandrusiak proposes, that participants have a duty to not act intentionally or recklessly, others have applied different standards or added onto that standard.[1]

The court also did not provide guidance on how to determine what risks are inherent to a particular activity. It is unclear whether the parties must present evidence on the question and, if so, who (if anyone) bears the burden of proving a risk is or is not inherent to the activity and by what quantum of evidence. And it is unclear how the recreational activity should be defined when determining what risks are inherent to that activity. For example, in this case, Mandrusiak was hitting golf balls at an entertainment venue that serves alcohol and finger foods while patrons hit balls. Is the relevant activity golf generally, hitting balls at a driving range, or hitting balls at an entertainment venue that serves alcohol and finger foods to the patron hitting balls? Courts have applied different tests and reached varied conclusions about what risks are inherent to recreational activities.[2]

---

[1] *See, e.g.*, *Ochall v. McNamer*, 79 N.E.3d 1215, 1228 (Ohio Ct. App. 2016) (defendant not liable unless he acted recklessly or intentionally); *Jaross v. Phillips*, No. 2:10-cv-01631-PMP-GWF, 2011 WL 3471865, at *7-8 (D. Nev. Aug. 9, 2011) (predicting that the Supreme Court of Nevada would hold that co-participants in a recreational activity "have a duty of care not to increase the risks above those inherent in the sport or activity"); *Anand v. Kapoor*, 942 N.E.2d 295, 296 (N.Y. Ct. App. 2010) (stating that "a plaintiff will not be deemed to have assumed the risks of reckless or intentional conduct or concealed or unreasonably increased risks" (quotation omitted)); *Foronda ex rel. Estate of Foronda v. Hawaii Int'l Boxing Club*, 25 P.3d 826, 841 (Haw. Ct. App. 2001) (defendant may be liable "for creating or countenancing risks other than risks inherent in the sport, or for increasing inherent risks," as well as for intentional or reckless conduct "totally outside the range of ordinary activity involved in the sport"); *Knight v. Jewett*, 834 P.2d 696, 708, 711 (Cal. 1992) (defendants have a duty not to increase the risks beyond those inherent in the sport as well as the duty to not act intentionally or recklessly). *See also Pfenning v. Lineman*, 947 N.E.2d 392, 403-04 (Ind. 2011) (defining the issue by reference to breach instead of the scope of the duty, and holding that if a sport participant's conduct "is within the range of ordinary behavior of participants in the sport, the conduct is reasonable as a matter of law and does not constitute a breach of duty," unless the participant "either intentionally caused injury or engaged in [reckless] conduct." (quotation omitted)).

[2] *See, e.g.*, *Ochall*, 79 N.E.3d at 1228 (stating the primary assumption of risk rule requires that: "(1) the danger is ordinary to the game, (2) it is common knowledge that the danger exists; and (3) the injury occurs as a result of the danger during the course of the game" (quotation

This case thus raises multiple unresolved issues of Nevada law that may be case dispositive if Mandrusiak owed Dahl no duty or only a limited duty.  And what duty a participant in a recreational activity owes to others raises important policy considerations under state law that should be resolved by the Supreme Court of Nevada.  I therefore am inclined to certify questions to the Supreme Court of Nevada.  *See* Nev. R. App. P. 5.

Before doing so, I will hold a hearing to get the parties' views on whether I should certify questions and, if so, what questions to certify.  Initially, I propose the following questions:

1. What duty of care does an individual participating in a recreational activity owe to others?

    a. Does that duty of care depend on whether the injured party is a co-participant, spectator, or someone who is close enough to the activity to be injured by some instrumentality of the recreational activity?

2. If the duty a participant in a recreational activity owes is governed by the doctrine of primary implied assumption of risk, how is it determined what risks are inherent to a recreational activity?

    a. What test or factors apply to evaluate whether a risk is inherent to a recreational activity?

    b. If the parties must present evidence on the question, who (if anyone) bears the burden of proving a risk is or is not inherent to the activity and by what quantum of evidence?

---

omitted)); *Bertin v. Mann*, 918 N.W.2d 707, 712-13 (N.M. 2018) (basing the determination of what risks are inherent on whether they are reasonably foreseeable "rather than [on] a court's metaphysical ponderings about the essence of the sport"); *Knight*, 834 P.2d at 708 (referring to "the nature of the activity, the relationship of the defendant to the activity and the relationship of the defendant to the plaintiff").

    c. What role, if any, do common understandings of the particular activity play in the inquiry, or is the question limited to an evaluation of the evidence the parties present in each case?

    d. How broadly is the recreational activity defined when determining what risks are inherent to it?

    3. Does it matter what the plaintiff knows about potential risks associated with being in proximity to persons engaged in the recreational activity?

    I therefore will conduct a video hearing on **May 26, 2020 at 2:00 p.m.** to determine whether to certify these or other questions to the Nevada Supreme Court. By **noon on May 21, 2020**, each party may file a brief of no more than five pages setting forth their positions on whether to certify, along with proposed revisions to my questions and proposals for additional questions.

    The hearing will be heard by Zoom video conference. The courtroom administrator will provide counsel with the Zoom link to attend the video conference. Counsel is instructed not to forward the link to others. If additional participants need to appear, counsel shall contact the courtroom administrator Melissa Johansen at Melissa_Johansen@nvd.uscourts.gov.

    Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.

    DATED this 15th day of May, 2020.

                                          ANDREW P. GORDON
                                          UNITED STATES DISTRICT JUDGE